UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
TIMOTHY PIGFORD, et al.,                 )
                                                        )
            Plaintiffs,                            )
                                                        )
      v.                                              )            Civil Action No. 97-1978 (PLF)
                                                        )
ANN VENEMAN, Secretary,              )
   United States Department of Agriculture,  )
                                                        )
            Defendant.                           )
_____)
                                                        )
CECIL BREWINGTON, et al.,            )
                                                        )
            Plaintiffs,                            )
                                                        )
      v.                                              )            Civil Action No. 98-1693 (PLF)
                                                        )
ANN VENEMAN, Secretary,              )
   United States Department of Agriculture,  )
                                                        )
            Defendant.                           )
_____)


MEMORANDUM OPINION AND ORDER

I.   BACKGROUND

On December 7, 2005, class members Elmore and Ludean Hicks filed a motion to enforce the Consent Decree entered in this case, claiming that they had not received the relief granted to them by the Adjudicator under the Decree. Through the briefs submitted by the parties, the Court learned that the Hicks' Adjudicator decision and other final decisions of the Adjudicator had been "amended." For the Hicks, this "amendment" in effect reduced the amount

of cash relief awarded in the Adjudicator's initial decision by $47,000, as well as eliminating various forms of injunctive and debt relief.

The Consent Decree provides authority for certain Court-appointed neutrals, including the Adjudicator, to issue decisions regarding class members' entitlement to relief.  The Consent Decree states that these decisions are final, except as provided in the portion of the Consent Decree that authorizes review by an independent Monitor.  See Consent Decree ¶¶ 9(a)(v), 9(b)(v), 12(b)(iii).   Because the "amended" decisions issued by the Adjudicator to the Hicks and others fell outside the procedures authorized under the Consent Decree, on February 23, 2006, the Court ordered the Monitor to investigate this situation and report to the Court certain information regarding these "amended" decisions.  See February 23, 2006 Memorandum Opinion and Order [Docket No. 1254].

On April 7, 2006, the Monitor filed her Report, which concerned four different categories of amended or potentially amended decisions:  (1) forty-three decisions in the "conservation loan" group; (2) twenty-three decisions that had "other substantive" amendments; (3) sixty-one decisions that had "technical" amendments; and (4) possible additional "amended" Facilitator eligibility decisions.  See Monitor's Report on Amended Adjudicator Decisions [Docket No. 1269].

The Court has considered the Monitor's April 7, 2006 Report and believes that additional information is required concerning certain of these categories of amended or potentially amended decisions.

## II.  MONITOR'S REPORT

### A.  The "Conservation Loan" Group

The Monitor's Report states that amended decisions have been issued in forty-three conservation loan claims.  The Report includes the Facilitator's explanation as to why amended Adjudicator decisions have been issued in this group, despite the fact that the Consent Decree does not authorize such amendments.  In light of the Court's February 23, 2006 Memorandum Opinion and Order stating that the Court has serious concerns as to how and why these amendments were undertaken, the parties appear to have discussed and negotiated a resolution to this issue.  To that end, on June 12, 2006, the parties submitted a joint proposed stipulation regarding those conservation loan claims.  See [Joint Proposed] Stipulation and Order [Docket No. 1287].

The proposed stipulation and order has the effect of reinstating the original Adjudicator decisions for claims where class members had not already petitioned for Monitor review, subject to the USDA's right to petition for review of those reinstated decisions on the sole issue of whether the class member should receive credit relief under Paragraph 9(a)(iii) of the Consent Decree or non-credit relief under Paragraph 9(b)(iii) of the Decree.  The Court was satisfied that the parties' stipulation and order adequately addressed the issues related to the conservation loan group of amended Adjudicator decisions, and therefore it approved the stipulation and order on June 30, 2006.  See Stipulation and Order, entered June 30, 2006 [Docket No. 1296].

*B. Twenty-Three "Other Substantive" Amendments*

In her April 7, 2006 Report to the Court, the Monitor explained that the Facilitator categorizes some amendments as "substantive" when they result from re-review by the Adjudicator, and categorizes others as "technical" when they are simply the correction of an administrative or clerical error.[1]   The Monitor reported that in addition to the "substantive" amendments to the forty-three conservation loan claims, there were twenty-three other claims in which the Adjudicator had made "substantive" amendments.   These claims are listed in Exhibit of the Monitor's Report with unique identifiers 44 through 66.

In some of the twenty-three additional claims, it appears that the amended Adjudicator decision decreased the cash relief (and other corresponding relief) provided to the class member.   In others, it appears that the amended Adjudicator decision may have affected the class member's debt relief.   The Facilitator's letter in Exhibit A states generally that amended Adjudicator decisions were issued in response to errors that had been called to the Facilitator's attention through internal quality-control measures, contact from a class member, and/or contact from the government.   Some of these twenty-three class members petitioned for Monitor review; others did not.   The Monitor's Report does not contain sufficient information for the Court to evaluate fully the origin of and effect of the amended Adjudicator decisions in these twenty-three

---

[1]      The Court notes that the Facilitator's use of the word "substantive" is different from the way in which the Court used the term in its February 23, 2006 Memorandum Opinion and Order directing the Monitor to report on this situation.   The Court used the term "substantive" to refer to any amended Adjudicator decision that resulted in a change to the relief awarded under the initial decision.   The Court used the word "substantive" to describe the outcome of these amended decisions, whereas the Facilitator has used word to describe the method by which a particular decision was amended.

cases.  The Court therefore will require the Monitor to investigate and report further on this

matter.

### C.  Sixty-One "Technical" Amendments

The Monitor reported that in addition to the "substantive" amendments to sixty-

six Adjudicator decisions (forty-three conservation loan claims and twenty-three others), there

were sixty-one claims in which the Facilitator made "technical" amendments that may have

affected the relief provided to class members.  Some of these "technical" amendments involve

corrections of administrative errors, such as cases in which a decision was packaged in the wrong

"jacket," as explained by the Facilitator's letter in Exhibit A to the Monitor's Report.  The Court

has determined that this subset of "technical" amendment cases does not require further

examination.  In the processing of tens of thousands of individual claims decisions, it is

inevitable that clerical errors would have occurred.  The Court is confident that where the

Facilitator's internal quality control safeguards were able to identify and correct these

administrative and clerical errors, the class members' rights were not adversely affected.

The Monitor's Report, however, describes other "technical" amendments that

went beyond a simple clerical or administrative error.  In some cases, it appears that class

members received amended Adjudicator decisions that clarified or corrected the text of the

decision page that made specific findings as to the class member's claim.  Such amendments

included changes to the USDA program under which the Adjudicator found the class member

had succeeded, or the year of the claim under which the Adjudicator found the class member had

succeeded.  Changes in the text of the decision page, including changes in the description of the

5

relief, may have affected the class members' rights to cash and/or debt relief.  The Monitor's

Report does not disclose the reason for these "technical" amendments to the decision text – that

is, whether they involved more than correcting typographical errors or other such clerical or

administrative problems – or whether they instead involved additional analysis of the

Adjudicator's original decision or reasoning.  Because the Monitor's Report does not contain

sufficient information for the Court to evaluate which claims in this category were affected by

these types of amendments, or whether class members' rights were adversely affected by these

amendments, the Court will require additional information.

### D.  Other Possible Amendments

In addition to "amended" Adjudicator decisions, the Monitor reports that there

may have been amendments to some Facilitator determinations of class member eligibility,

specifically concerning the Facilitator's processing of claim packages during the class member

screening process.  The Monitor's April 7, 2006 report to the Court contains no further

information as to the specifics of how or why these determinations may have been amended.  The

Court therefore will require additional information on this matter as well.

Accordingly it is hereby

ORDERED that the Monitor shall investigate and provide to the Court a further report containing such information as the Monitor deems appropriate to fully apprise the Court of the circumstances involved in any "amended" decisions not authorized by the Consent Decree that affected class members' cash and/or debt relief.  The Monitor, with whatever assistance she requires from the Facilitator, Adjudicator, and the parties, shall obtain information and report to the Court on or before December 15, 2006 with respect to:

1.   Any amended Adjudicator decision in claims identified in the Monitor's Report as "other substantive" amendments;

2.   Any amended Adjudicator decision in claims identified in the Monitor's Report as "technical" amendments, where such amendments were not purely clerical and the amendments affected class members' cash and/or debt relief; and

3.   Any instances in which the Facilitator initially notified a claimant that he or she was eligible to participate in the claims process, but later notified that same claimant that the eligibility decision had been "amended," and that the claimant was no longer eligible;  it is

FURTHER ORDERED that the Facilitator, the Adjudicator, and the parties shall provide the Monitor with whatever assistance and information she requires to investigate and report on these these matters to the Court;  it is

FURTHER ORDERED that pursuant to her authority under Paragraph 12(b)(ii) of the Consent Decree, the Monitor shall attempt to resolve with the parties, on or before December 15, 2006, any problems regarding:

1.   Class members who received amended Adjudicator decisions that changed their cash relief other than through the Monitor review process set forth in the Consent Decree;

7

2.      Class members who received amended Adjudicator decisions that changed their debt relief other than through the Monitor review process set forth in the Consent Decree;

3.      Putative class members who received initial notification from the Facilitator that they were eligible to participate in the claims process, and then later received a notice of rejection from the claims process or other such amended notification from the Facilitator, resulting in the denial of the putative class members' opportunity to participate in the claims process; it is

FURTHER ORDERED that the Monitor shall report to the Court, on or before December 15, 2006, regarding the resolution of any matters referred to her in this Order and regarding the status of any unresolved matters; and it is

FURTHER ORDERED that to the extent that the Monitor reports about any unresolved matters, she shall make recommendations regarding these matters to the Court on or before December 15, 2006.

SO ORDERED.


_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  August 7, 2006