UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TIMOTHY PIGFORD et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 97-1978 (PLF) |
| SONNY PERDUE, Secretary,<br>United States Department of Agriculture, | ) ) ) | |
| Defendant. | ) ) | |
| CECIL BREWINGTON et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 98-1693 (PLF) |
| SONNY PERDUE, Secretary,<br>United States Department of Agriculture, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the renewed motion for reconsideration [Dkt. No. 2077] filed by Derrick K. Jones as Conservator of the person and estate of Maurice McGinnis.[1] The Conservator's motion seeks reconsideration of the Court's opinion and order of

---

[1] The Conservator's renewed motion for reconsideration was originally filed on October 31, 2018 as Dkt. No. 2077. The Conservator filed an errata on November 5, 2018, in which he re-filed the same motion – dated October 31, 2018 – with an amended exhibit as Dkt. No. 2078. Based on the Conservator's representation that the only difference between the original motion and the errata is the amended exhibit, the Court shall issue its ruling based on the motion filed as Dkt. No. 2077.

May 31, 2018, granting the government's motion to dismiss the petition for monitor review of Mr. McGinnis's Track B arbitration claim. See Pigford v. Perdue, 330 F. Supp. 3d 1 (D.D.C. 2018). The government has filed a memorandum in opposition to the Conservator's renewed motion for reconsideration, see Gov't Opp., and the Conservator filed a reply. See Reply. Having considered the parties' arguments, the relevant legal authorities, and the entire record in this case, the Court will deny the Conservator's renewed motion for reconsideration.[2]

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court's prior opinions summarize the factual and procedural history of this case, beginning with Mr. McGinnis's Track A award and continuing through his Track B arbitration proceeding. See, e.g., Pigford v. Vilsack, 961 F. Supp. 2d 82, 83-87 (D.D.C. 2013), aff'd, 777 F.3d 509 (D.C. Cir. 2015); Pigford v. Perdue, 330 F. Supp. 3d at 3-9. The Court therefore limits its discussion here to those facts relevant to the instant motion, which pertains to Mr. McGinnis's Track B arbitration proceeding.

Throughout the course of his Track B arbitration proceeding, Mr. McGinnis was represented by John M. Shoreman. See Pigford v. Perdue, 330 F. Supp. 3d at 4-8. According to the Conservator, notwithstanding his representation by counsel, "[Mr.] McGinnis made a series of irrational decisions not to comply with the requirements of the Consent Decree and the

---

[2] The Court has reviewed the following filings in resolving the pending motion: Conservator's Renewed Motion for Reconsideration ("Ren. Mot. Recon.") [Dkt. No. 2077]; Government's Opposition to the Conservator's Renewed Motion for Reconsideration ("Gov't Opp.") [Dkt. No. 2079]; Conservator's Reply ("Reply") [Dkt. No. 2080]; Government's Motion to Dismiss Mr. McGinnis's Petition for Monitor Review ("Mot. to Dismiss") [Dkt. No. 2057]; August 6, 2018 Memorandum Opinion & Order ("Mem. Op. & Order") [Dkt. No. 2069]; Consent Decree [Dkt. No. 167]; November 2, 2015 Stipulation and Order ("Stip. & Order") [Dkt. No. 2008]; Petition for Monitor Review, Mot. to Dismiss Ex. 43 ("Pet. Mon. Review") [Dkt. No. 2059 at 202]; Government's Motion for Judgment as a Matter of Law, Mot. to Dismiss Ex. 36 ("Mot. J. Law") [Dkt. No. 2059 at 88]; and Arbitrator's Track B Decision, Mot. to Dismiss Ex. 37 ("Arb. Decision") [Dkt. No. 2059 at 105].

2

Revised Hearing Notice." See Ren. Mot. Recon. at 4. He and his counsel failed to meet deadlines – even after they were rescheduled – and failed to provide a timely expert report or any written testimony. See Pigford v. Perdue, 330 F. Supp. 3d at 4-7. After a series of extensions of time granted by the Arbitrator, the government moved for judgment as a matter of law, arguing that Mr. McGinnis had not introduced any evidence and had not "articulate[d] the bases for his discrimination claims or the source and nature of any alleged economic damages." See Mot. J. Law at 89. On December 13, 2016, the Arbitrator granted the government's motion for judgment as a matter of law and denied Mr. McGinnis's Track B claim, reasoning that "[Mr. McGinnis] ha[d] neither demonstrated by a preponderance of the evidence that [the] USDA discriminated against him, nor ha[d] he established any damages." See Arb. Decision at 111; see also Pigford v. Perdue, 330 F. Supp. 3d at 7.

On April 12, 2017, Mr. Shoreman submitted a petition for monitor review of the Arbitrator's decision purportedly on behalf of Derrick K. Jones, the alleged conservator of Mr. McGinnis's person and estate. See Pet. Mon. Review at 202; see also Pigford v. Perdue, 330 F. Supp. 3d at 7-8. The initial petition for monitor review "[did] not dispute that Mr. McGinnis repeatedly failed to meet deadlines and, as a result, did not submit sufficient evidence to prove his claim by a preponderance of the evidence. Rather, the petition assert[ed] that these failures resulted from Mr. McGinnis's diminished mental capacity and deteriorating ability to assist his counsel, issues which assertedly arose due to the stressful and long-running nature of the case." See Pigford v. Perdue, 330 F. Supp. 3d at 8. The petition concluded that because "[t]he strict application of procedural deadlines to a Claimant so obviously incompetent resulted in a fundamental miscarriage of justice," the Monitor should direct the Arbitrator to re-examine his decision to grant the government's motion for judgment and to re-set procedural deadlines so

that Mr. McGinnis's Track B arbitration claim could proceed under the direction of Mr. McGinnis's conservator. See Pet. Mon. Review at 207-08.

The government moved to dismiss the petition for monitor review of Mr. McGinnis's Track B arbitration claim. The matter was fully briefed and the Court granted the government's motion on May 31, 2018. See Pigford v. Perdue, 330 F. Supp. 3d at 12.[3] In so deciding, the Court declined to reappoint the Monitor – who had been released from her duties under the Consent Decree in March 2012 – and to direct her to review the petition because "there [was] simply insufficient evidence in the relevant record [before the Arbitrator] of Mr. McGinnis's alleged mental incapacity to support a finding by the monitor that 'clear and manifest error' ha[d] resulted or [was] likely to result in 'a fundamental miscarriage of justice.'" See id. at 12; see also Stip. & Order at ¶ 1(a)(5).[4]

Mr. Shoreman subsequently filed a motion for reconsideration [Dkt. No. 2067] of the Court's opinion and order by and through Derrick K. Jones, the alleged conservator of the person and estate of Mr. McGinnis. The Court denied that motion without prejudice on August 6, 2018, because Mr. Jones had not been substituted as a party in this case pursuant to Rule 25(b)

---

[3] The Court noted then and reiterates now that this matter may be more properly resolved in a separate malpractice action against Mr. Shoreman. See Pigford v. Perdue, 330 F. Supp. 3d at 14; Mem. Op. & Order at 2.

[4] According to the Court's wind-down stipulation and order issued on November 2, 2015, the Monitor was released from her duties under the Consent Decree on March 31, 2012. See Stip. & Order at ¶ 1(a)(5); Pigford v. Vilsack, 330 F. Supp. 3d at 11. The wind-down stipulation and order explicitly provided for her potential reappointment with respect to Mr. McGinnis's claim: "In the event that a Track B hearing is ever conducted in the matter of Maurice McGinnis, the Court may request that the Monitor resume her duties in the future for the limited purpose of reviewing any Petition for Monitor Review of the Arbitrator's decision in that matter." See Stip. & Order at ¶1(a)(5).

of the Federal Rules of Civil Procedure. See Mem. Op. & Order.[5] The Court has since granted [Dkt. No. 2075] Mr. Jones's motion for substitution of party [Dkt. No. 2070], and Mr. Jones has been properly substituted for plaintiff Maurice McGinnis as a party to this action.

Pursuant to the Court's order, Mr. Jones, as Conservator, filed a renewed motion for reconsideration on October 31, 2018 on behalf of the estate of Mr. McGinnis. See Ren. Mot. Recon. The Conservator's renewed motion for reconsideration – now before the Court – asks the Court to reconsider under Rule 59(e) of the Federal Rules of Civil Procedure its order and opinion of May 31, 2018. See Ren. Mot. Recon. at 7. He requests that the Court deny the government's motion to dismiss the petition for monitor review. See Ren. Mot. Recon. Proposed Order [Dkt. No. 2077-3].

## II. LEGAL STANDARD

The Conservator has styled the instant motion as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See Ren. Mot. Recon. at 5. Although the Federal Rules of Civil Procedure have no rule specifically addressing motions to reconsider, "[t]he D.C. Circuit has stated that motions to reconsider are routinely construed as motions to clarify or alter or amend judgment under Rule 59(e)." See Piper v. U.S. Dep't of Justice, 312 F. Supp. 2d 17, 20 (D.D.C. 2004). After entry of judgment, a timely motion for reconsideration under Rule 59(e) may be filed to "alter or amend [the] judgment." See FED. R. CIV. PRO. 59(e).

---

[5] In denying without prejudice Mr. McGinnis's first motion for reconsideration, the Court also admonished Mr. Shoreman for purportedly filing a motion on behalf of Mr. Jones as Conservator while simultaneously attaching a document as an exhibit to that motion in which Mr. Jones purports to be proceeding pro se. See Mem. Op. & Order at 3. The Court cautioned Mr. Shoreman that such a contradiction not only violated the Federal Rules of Civil Procedure, but also may have constituted violations of Mr. Shoreman's professional and ethical obligations. See id.

The Supreme Court has explained that Rule 59(e) was enacted to allow a district court "to rectify its own mistakes in the period immediately following the entry of judgment." See White v. N.H. Dep't of Emp't Sec., 455 U.S. 445, 450 (1982). But Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." See Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008); see also Piper v. U.S. Dep't of Justice, 312 F. Supp. 2d at 21 ("Rule 59(e) motions are not granted if the court suspects the losing party is using the motion as an instrumentality of arguing the same theory or asserting new arguments that could have been raised prior to final judgment."). A Rule 59(e) motion, therefore, "is discretionary and need not be granted unless the district court finds that there is [1] an intervening change of controlling law, [2] the availability of new evidence, or [3] the need to correct a clear error or prevent manifest injustice." See Dyson v. District of Columbia, 710 F.3d 415, 420 (D.C. Cir. 2013) (quoting Ciralsky v. Cent. Intelligence Agency, 355 F.3d 661, 671 (D.C. Cir. 2004)); see also Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

## III. DISCUSSION

As noted, the Court may grant the Conservator's motion to reconsider its prior decision to dismiss the petition for monitor review of Mr. McGinnis's Track B claim if it "finds that there is [1] an intervening change of controlling law, [2] the availability of new evidence, or [3] the need to correct a clear error or prevent manifest injustice." See Dyson v. District of Columbia, 710 F.3d at 420 (quoting Ciralsky v. Cent. Intelligence Agency, 355 F.3d at 671). In his motion, the Conservator does not suggest that there has been an intervening change of controlling law or that new evidence has become available since the Court's May 31, 2018 decision. Instead, using language almost identical to that found in the original petition, the

Conservator argues that the Court should reconsider its decision because "under the circumstances of this case[,] the Arbitrator's strict application of procedural deadlines to a Claimant so obviously incompetent resulted in a fundamental and manifest injustice." See Ren. Mot. Recon. at 5. The only question before the Court now, therefore, is whether it must reverse its prior decision in order to prevent this alleged manifest injustice.

A Rule 59(e) motion to reconsider – even one based on asserted manifest injustice – is not simply an opportunity to reargue facts and theories upon which a court has already ruled. See State of N.Y. v. United States, 880 F. Supp. 37, 38 (D.D.C. 1995) (per curiam); see also Pearson v. Thompson, 141 F. Supp. 2d 105, 107 (D.D.C. 2001) ("A motion for reconsideration will not be granted if a party is simply attempting to renew factual or legal arguments that it asserted in its original briefs and that were already rejected by the Court."); O.R. v. Hunter, 576 F. App'x 106, 110 (3d Cir. 2014) ("[Rule 59(e) cannot be employed to re-relitigate . . . already-denied motions."). Nor is it a "vehicle for presenting theories or arguments that could have been advanced earlier." See Klayman v. Judicial Watch, Inc., 296 F. Supp. 2d 208, 213-14 (D.D.C. 2018) (quoting Estate of Gaither ex rel. Gaither v. District of Columbia, 771 F. Supp. 2d 5, 10 & n.4 (D.D.C. 2011)). The Court must deny the Conservator's motion because that is precisely what the Conservator attempts to do here.

The Conservator relies upon the same reasoning that was put forth in the original petition for monitor review. He has not addressed and does not dispute the reasons that the Court gave for granting the government's motion to dismiss in the first instance. See Ren. Mot. Recon; see also Gov't Opp. at 4-7. The only difference between the original petition for monitor review and the Conservator's motion for reconsideration is that Mr. Jones now has been properly substituted as a party to the case. As in the original petition, the Conservator argues that "[i]t is

manifestly unjust, under these circumstances, not to permit the Track B arbitration to re-convene under the direction of the Conservator to allow McGinnis to finally recover his just compensation for years of past discrimination by the government." See Ren. Mot. Recon. at 6; Pet. Mon. Review at 207. It can be inferred from the Conservator's motion that he believes that the Arbitrator would reach a different conclusion if he reinitiated review of Mr. McGinnis's Track B claim now that Mr. Jones has been substituted for Mr. McGinnis as a party to this case. Without more, the Court declines to award the Conservator a second bite at the apple.

The Court has already ruled on the arguments made by the Conservator. And the problem for the Conservator – and ultimately for Mr. McGinnis – remains the same: The Consent Decree dictates the outcome here. As the Court has explained repeatedly, it has no authority to "grant vacatur of the arbitrator's decisions and resurrection of the claimants' Track B claims." See Pigford v. Vilsack, 78 F. Supp. 3d 247, 250 (D.D.C. 2015) (quoting Abrams v. Vilsack, 655 F. Supp. 2d 48, 52 & nn. 4-5 (D.D.C. 2009)). The sole exception to this robust finality was provided in Paragraph 12(b)(iii) of the Consent Decree, under which the Monitor was given the limited power, on petition of a party, to review an arbitrator's decision and to direct the arbitrator to reexamine a claim where the Monitor determines that a clear and manifest error has occurred in the arbitration and has resulted or is likely to result in a fundamental miscarriage of justice. See Pigford v. Vilsack, 78 F. Supp. 3d at 251; Consent Decree ¶ 12(b)(iii). Accordingly, the Court's role in responding to Mr. McGinnis's challenge to the Arbitrator's decision is very limited. It has the authority to decide only whether there is reason to reappoint the Monitor to consider the petition for review. The Court decided previously that there is no such reason because reappointing the Monitor for this purpose would be in vain. See Pigford v. Perdue, 330 F. Supp. 3d at 11-12. Nothing has changed.

The Consent Decree dictates that the Monitor – in determining whether to order the Arbitrator to reexamine a Track B claim – is permitted to consider only the record that was before the Arbitrator at the time of the Arbitrator's initial Track B determination. See Pigford v. Perdue, 330 F. Supp. 3d at 11; see also Court Order of Reference ¶ 8(e)(ii) [Dkt. No. 279] ("[I]n Track B claims, the Monitor will not be permitted to consider additional materials on review or to supplement the record for review upon reexamination."). Once again, this limitation would render monitor review futile. The Monitor would not be able to consider any evidence of Mr. McGinnis's diminished capacity that was not before the Arbitrator when it denied Mr. McGinnis's claim. And just as the Court reasoned when it granted the government's motion to dismiss, so too here there is "simply insufficient evidence" in the record developed before the Arbitrator of Mr. McGinnis's alleged mental incapacity to support a finding by the Monitor that "'clear and manifest error' has resulted or is likely to result in 'a fundamental miscarriage of justice.'" See Pigford v. Perdue, 330 F. Supp. 3d at 12.[6] The fact that the Conservator has replaced Mr. McGinnis would not result in the different outcome that the Conservator seeks.

Even if the Monitor could consider the additional evidence and arguments presented in the Conservator's motion to prove Mr. McGinnis's incapacity, the Court agrees with the government that the Conservator still has not "demonstrated (or even suggested) any

---

[6] The parties dispute whether Mr. McGinnis's diminished mental capacity was raised and preserved for the record during the course of the arbitration proceeding. See Reply at 1; Gov't Opp. at 4, 6. The Court has already decided this issue. It concluded that there was "some evidence which was before the arbitrator . . . that would have indicated to the arbitrator that Mr. McGinnis was both frustrated with the handling of his claim and possibly confused about its status. But this would not necessarily lead one to infer that Mr. McGinnis was mentally incompetent. More importantly, it does not explain why his counsel did not raise the issue of competence with [the Arbitrator] at any point during the arbitration process." See Pigford v. Perdue, 330 F. Supp. 3d at 11-12, 9 n.5.

connection between Mr. McGinnis's supposed 'incompetence' and [Mr. Shoreman's] failure to meaningfully prosecute Mr. McGinnis's claims." See Gov. Opp. at 4.[7]

Ordering the Monitor to reexamine the Arbitrator's decision could not prevent or correct the alleged injustice that has befallen Mr. McGinnis. No evidence was before the Arbitrator of Mr. McGinnis's supposed mental incapacity and no such explanation was provided to the Arbitrator for his or his counsel's failure to comply with the terms of the Consent Decree and the deadlines imposed (and generously extended) by the Arbitrator. While it is possible that Mr. McGinnis's alleged incapacity may have played a role in his Tack B arbitration process, the Court must enforce the terms of the Consent Decree. The Conservator has failed to make any new arguments, and the Court will not allow him to re-litigate the already-dismissed petition.

For the foregoing reasons, it is hereby

ORDERED that the Conservator's Renewed Motion for Reconsideration [Dkt. No. 2077] is DENIED.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 1/2/19

---

[7] Instead, the Conservator "submits it is unfair to hold counsel responsible for the Consent Decree's failure to make provision for mental incapacity affecting a claim in the middle of arbitration proceedings." See Ren. Mot. Recon. at 4. Even if the Court were to agree, the Conservator has not provided any explanation for Mr. Shoreman's failure to preserve Mr. McGinnis' incompetence for the record or to abide by the deadlines imposed by the Arbitrator during the Track B proceedings, even after they were amended. See Pigford v. Perdue, 330 F. Supp. 3d at 9 n.5.